IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLUFISAYO AFOLABI,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | CIVIL DIVISION<br><br>No. 26-8692 |

**NOTICE OF REMOVAL**

NOW, comes the Defendant, Progressive Advanced Insurance Company ("Progressive"), incorrectly identified as "Progressive Specialty Insurance Company", by and through its attorneys, Gordon Rees Scully Mansukhani LLP, and files this Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq*. Progressive submits the United States District Court for the Eastern District of Pennsylvania has original diversity jurisdiction over this civil action and that this matter may be removed to the District Court in accordance with the procedures provided at 28 U.S.C. § 1446. In further support of this Notice of Removal, Progressive states as follows:

1. Plaintiff, Olufisayo Afolabi, initiated this action by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania on October 30, 2026, docketed at Case ID No. 261004322 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. Upon information and belief, the document attached hereto as Exhibit A constitutes all of the pleadings, process, and order which were filed in connection with the state court action.

3. Plaintiff, Olufisayo Afolabi, is an adult individual residing at 7131 Buist Avenue, Philadelphia, Pennsylvania 19142.

4. Both at the time Plaintiff initiated this action and at the time of this Removal, Plaintiff was and is a citizen of Pennsylvania.

5. Defendant, Progressive Advanced Insurance Company, is the entity that underwrote the policy of insurance at issue and was incorrectly identified in the Complaint as "Progressive Specialty Insurance Company."

6. Progressive Advanced Insurance Company is not incorporated in Pennsylvania, nor does Progressive Advanced Insurance Company have its principal place of business in Pennsylvania.

7. Rather, Progressive Advanced Insurance Company is an Ohio corporation with its principal place of business in Ohio with an address of 300 N. Common Boulevard, Mayfield Village, Ohio 44143.

8. Both at the time Plaintiff initiated this action and at the time of this removal, Progressive Advanced Insurance Company was and is a citizen of Ohio.

9. In the Complaint, Plaintiff asserts three counts against Progressive arising out of a claim for underinsured motorist benefits: breach of contract (Count I); statutory bad faith under 42 Pa.C.S. § 8371 (Count II); and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq. (Count III).

10. Plaintiff alleges entitlement to Underinsured motorist benefits under a policy of insurance providing stacked underinsured motorist coverage of $15,000 per person and $30,000 per accident across three insured vehicles, for available underinsured motorist coverage of up to $45,000, subject to all of the terms and conditions of the policy.

11. Plaintiff also alleges that Progressive violated Pennsylvania’s bad faith statute, 42 Pa.C.S. § 8371, and seeks punitive damages, interest, and attorneys’ fees.

12. The Third Circuit Court of Appeals has held that "attorneys' fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997).

13. In *Suber*, the Third Circuit found that it was reasonable to assume that at least $10,000 in attorneys' fees would be incurred for purposes of determining the amount in controversy.

14. Similarly, punitive damages are properly considered in determining the amount in controversy for the purpose of determining whether the jurisdictional amount has been satisfied. *See Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cri. 1993).

15. Courts within the Third Circuit have held that removal is proper where punitive damages based upon a multiplier of the alleged compensatory damages is sufficient to meet the amount in controversy. *See Karlowicz v. Am. States Ins. Co.*, 2020 WL 6165303 (M.D. Pa. Sept. 18, 2020); *Hatchigan v. State Farm Ins. Co.*, 2013 WL 3479436 (E.D. Pa. July 11, 2013); *Harvey v. United States Life Ins. Co.*, 2008 WL 2805608 (E.D. Pa. 2008).

16. Plaintiff alleges they are entitled to underinsured motorist coverage benefits under a policy of insurance providing stacked underinsured motorist coverage of $15,000 per person and $30,000 per accident across three insured vehicles, for available Underinsured motorist coverage of up to $45,000, as well as punitive damages, interest, and attorneys' fees, the amount in controversy exceeds the jurisdictional requirement of $75,000.

17. Because Plaintiffs and Progressive are citizens of different states, and because the amount in controversy exceeds $75,000, exclusive of interests and costs, the United States District Court for the Eastern District has original diversity jurisdiction over this matter. *See* 28 U.S.C. § 1332.

18. Section 1332 confers original jurisdiction over all civil matter where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

19. Progressive submits that this matter may be removed to the United States District Court for the Eastern District pursuant to 28 U.S.C. § 1441, which permits removal of any civil action for which the District Courts have original jurisdiction.

WHEREFORE, Defendant Progressive Advanced Insurance Company, incorrectly captioned as "Progressive Specialty Insurance Company," removes this civil action to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI LLP

By: */s/* ______________________________
Daneil J. Twilla (PA I.D. 93797)
Email: dtwilla@grsm.com
Direct: (412) 625-2694
75 Hopper Place, Suite 301
Pittsburgh, PA 15222
*Co-Counsel for Defendant Progressive Advanced Insurance Company, incorrectly captioned as "Progressive Specialty Insurance Company."*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on October _____, 2026, a true and correct copy of the within **NOTICE OF REMOVAL** was served via electronic mail upon the following:

Nicholas C. Kapsimalis, Esquire
Kwartler Manus, LLC
1429 Walnut Street, 14th Floor
Philadelphia, PA 19102

*Counsel for Plaintiff*
James W. Watson, Esquire
jwatson@forryullman.com
(610) 977-2975
FORRY ULLMAN
661 Moore Road, Suite 202
King of Prussia, PA 19406
*Co-Counsel for Defendant*

*/s/*________________________
Daniel J. Twilla